# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny E Burris,<br><br>    Plaintiff,<br><br>v.<br><br>JPMorgan Chase & Company, et al.,<br><br>    Defendants. | No. CV-18-03012-PHX-MTL<br><br>**SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER (DOC. 30)** |

Pursuant to the Joint Motion to Adopt Second Addendum to Stipulated Protective Order (Doc. 60), and good cause appearing,

**IT IS ORDERED granting** the Joint Motion (Doc. 60).

**IT IS FURTHER ORDERED** that the deadlines in the Court's July 24, 2020 Order (Doc. 59) are reaffirmed with the following exceptions:

1. Documents and information resulting from the forensic examination, discussed herein, will be produced to Defendants, and Plaintiff shall submit to one additional deposition regarding the same.

2. The deadline for Defendants to file a motion to compel, for costs, or for sanctions, including under Federal Rule of Civil Procedure 37, on the issues expressly described in this Second Addendum to Stipulated Protective Order is extended until after the forensic examination and deposition of Plaintiff have been completed.

3. The parties' experts may supplement their reports with documents and information revealed during the forensic examination or Plaintiff's additional deposition.

The parties shall submit a joint status report no later than fourteen (14) days after the completion of the forensic examination discussed herein. The parties shall propose deadlines for Plaintiff's additional deposition, for Defendants to file a motion to compel, for costs, or for sanctions on issues described in this Second Addendum, and for supplemental expert disclosures.

**IT IS FINALLY ORDERED** that the following addendum amends the Stipulated Protective Order (Doc. 30), as modified by the parties' first Addendum to Stipulated Protective Order (Doc. 35), previously entered in this case.

  **1.**  **Definitions.** For purposes of this Second Addendum:

    **1.1** "**Electronic Media**" means any electronic or digital device or account that is or was at any time in Plaintiff's possession, custody, or control in which electronically stored information ("ESI") may be created, transmitted, or stored, including any: computers; laptops; tablets; smartphones; networks; servers; email accounts; cloud storage accounts (e.g. iCloud, Google Drive, DropBox); text and short messaging applications (e.g. Signal, WhatsApp, Telegram, SnapChat, iMessage); social media accounts (e.g. Twitter, Facebook, Linkedin); hard drives; backup drives; flash drives; and CD/DVDs. "Electronic Media" does <u>not</u> include devices or accounts within Defendants' possession, custody, or control.

    **1.2** "**Potentially Relevant ESI**" means ESI within the scope of permissible discovery as provided within Federal Rule of Civil Procedure 26 and 34, such as ESI that concerns, substantiates, refers or relates to: Plaintiff's claims or allegations against Defendants or any of Defendants' current or former employees, whether asserted in this matter or in any other legal, administrative, or investigatory proceeding; Defendants' defenses to any of those claims; Plaintiff's employment with or separation from Defendants; customers that Plaintiff serviced while he was still employed with Defendants; Plaintiff's efforts to find other employment after his employment with Defendants ended or otherwise mitigate his purported damages; Plaintiff's tax returns and other statements of income for himself individually and for Burris Wealth Management; J.P. Morgan Private

Bank Managed Accounts, Chase Strategic Portfolio Managed Accounts, and any other "proprietary mutual funds" and "bank managed products" offered by Defendants; and/or communications or documents regarding Defendants or any of Defendants' current or former employees exchanged between Plaintiff and any third-party, including with any government or regulatory agency or personnel, current or former employees of Defendants, current or former customers of Defendants, or news journalists and other members of the press or media.

**1.3** A "**Forensic Collection**" or to "**Forensically Collect**" means to copy ESI from Electronic Media in a manner that captures and preserves, to the extent technologically feasible, all original data and associated metadata of the Electronic Media. Forensic Collection may take the form of mirror imaging (i.e. a bit-for-bit copy of all ESI including any unallocated space or embedded, residual, or deleted ESI) or logical extraction as appropriate for the type of Electronic Media at issue.

**2.     Appointment of Independent Expert.** An independent expert qualified in digital forensics and electronic discovery shall be appointed as follows:

**2.1**     In consideration for Defendants' acknowledgment that Plaintiff will initially not accept any cost allocation for the forensic examination, Plaintiff agrees that Defendants shall have the sole discretion to select the expert of their choice.

**2.2**     The expert shall serve as an Officer of the Court. Thus, to the extent that the expert has direct or indirect access to information protected by attorney-client privilege, the work product doctrine, or other privilege or protection from discovery, such disclosure will not result in any waiver of privilege or protection.

**2.3**     The expert shall sign Exhibit A to the Stipulated Protective Order (Doc. 30) and be bound to the Stipulated Protective Order, as modified by this Second Addendum. The expert shall be allowed to hire other outside support if necessary to Forensically Collect from Plaintiff's Electronic Media, so long as the outside support also signs and agrees to be bound by the Stipulated Protective Order, as modified by this Second Addendum.

**3.     Identification of Electronic Media.**  Within three (3) business days after the expert's appointment as provided in Section 2, Plaintiff shall provide the expert and Defendants a list identifying all his Electronic Media that at any point contained Potentially Relevant ESI.  Plaintiff's list shall identify each Electronic Media by type, time period(s) used, and the categories of Potentially Relevant ESI kept on it.  For any physical Electronic Media (e.g., computers, smartphones, etc.), Plaintiff's list shall provide the current or last known location and, to the extent available, its manufacturer, model, and serial number.  For account-based Electronic Media (e.g., email accounts, cloud accounts, texting or social media accounts, etc.), Plaintiff's list also shall include the account name and service provider.  If any Electronic Media that contained Potentially Relevant ESI is no longer within Plaintiff's possession, custody, or control, Plaintiff's list shall state so, describe the timing and circumstances of its disposition, and identify all back-up or alternative sources from which the same Potentially Relevant ESI may be recovered.

**4.     Collection of Electronic Media.**  Plaintiff's Electronic Media shall be subject to Forensic Collection as follows:

   **4.1**     Defendants may request the Forensic Collection of any Electronic Media that Plaintiff identified pursuant to Section 3 of this Second Addendum.

   **4.2**     Defendants also may request the Forensic Collection of any Electronic Media that the Plaintiff failed to identify but which the Defendants in good faith believe contains or contained Potentially Relevant ESI.

   **4.3**     Upon such request, Plaintiff shall promptly make the Electronic Media available to the expert, and the expert shall Forensically Collect the Electronic Media.  Plaintiff also shall provide the expert any passwords, access credentials, or other information necessary to complete the Forensic Collection and process the ESI for search and potential production as provided herein, but the expert shall not disclose such passwords or access credentials to any other entity or person.

   **4.4**     The expert shall promptly return any physical Electronic Media to Plaintiff after completing its Forensic Collection.

**5.     Search for Responsive ESI.**  Any ESI collected by the expert shall be subject to a search for relevant and responsive documents as follows:

**5.1**   Defendants shall provide Plaintiff a list of search terms reasonably tailored to return Potentially Relevant ESI that is responsive to Defendants' document requests.  Although Defendants will endeavor to design said search terms to not unduly infringe into privileged information, including work product and attorney-client privileged information, the burden of identifying information subject to a privilege claim and establishing that privilege applies shall remain with Plaintiff.

**5.2**   Within three (3) business days of receiving Defendants' proposed search terms, Plaintiff shall state with specificity any objections he has to the proposed search terms and promptly meet and confer with Defendants to attempt to resolve the objection(s), but Plaintiff shall not object to any search terms that his attorneys deem appropriate under Federal Rule of Civil Procedure 26 and 34.  If the parties cannot reach an agreement regarding the disputed search terms, the parties may submit the disputed search terms and objections to the Court and the Court will render a decision consistent with the applicable Rules and Court orders.

**5.3**   Any search terms to which Plaintiff did not timely object, to which the parties mutually agreed, or that this Court ordered to be used shall be submitted to the expert.  The expert shall apply the search terms on the collected ESI and, at Defendants' request, either (A) provide both parties with a search term report that identifies the number of documents or hits returned by each search term and unique hit counts; (B) submit the search results to potential production as provided in Section 7; or (C) both.

**5.4**   Defendants may submit new, modified, or amended search terms as relevant and proportionate to the needs of the case, subject to Plaintiff's right to object to the new, modified, or amended search terms as provided in Section 5.2.

**6.     Investigation and Recovery of Deleted ESI.**  The expert also shall, upon Defendant's request, investigate and advise the parties and/or the Court whether any evidence exists suggesting that Potentially Relevant ESI was deleted, manipulated,

removed from, or concealed from detection on Plaintiff's Electronic Media. The expert also shall, upon Defendant's request, attempt to restore and recover any deleted, manipulated, removed, or concealed Potentially Relevant ESI and advise the parties and/or the Court of the results.

    **7.**     **Review and Production.** The parties acknowledge and agree that parties responding to discovery may, but are not required to, review documents and ESI before production and may withhold or redact information subject to a good faith claim of privilege, work product, or other protection from discovery. Accordingly, if Defendants request the expert to produce ESI returned by searches as provided in Section 5.3, then Plaintiff shall have three (3) business days after Defendants' request to notify the expert and Defendants whether Plaintiff intends to review some or all of the search results for responsiveness, privilege, or other protection before they are produced to Defendants. If such notice is timely provided, then the expert shall promptly make the search results that Plaintiff identifies as subject to review available to Plaintiff's counsel, and Plaintiff shall be afforded a reasonable time, not to exceed twenty (20) business days, to complete his pre-production review of the selected documents or ESI. After Plaintiff's three-day notice period has expired, the expert shall promptly produce to Defendants the search results of any documents or ESI *not* subjected to Plaintiff's pre-production review and, after Plaintiff's pre-production review is completed, the remaining search results subject to any redactions or withholding by Plaintiff.

    **8.**     **Form of Production.** Unless otherwise stipulated to in advance by the parties, specified differently by Defendants, or as ordered by the Court, Plaintiff shall produce or authorize the independent expert to produce to Defendant all responsive documents and ESI in Relativity-compatible load-ready form, specifically:

        **8.1**     All documents and ESI except for the file types specified in Section 8.2 shall be produced in single page, Bates-label endorsed, Group IV, 300+ DPI tagged image file format (.tif) or, if color is material to the document or ESI, in .jpg image file format, with any hidden comments and redlining visible.

**8.2** All electronically stored spreadsheets, video, audio, multimedia, presentations (e.g. PowerPoint), and other electronic file types not amenable to imaging and that do not require redaction shall be produced in native file format with all metadata preserved.

**8.3** Each production should include corresponding extracted text files (to preserve searchability), image cross-reference files in OPT format (to identify the first and last pages of the original document), and a DAT load file (to preserve metadata). The DAT load file should include the following fields and metadata, or their nearest functional equivalents, to the extent such metadata is available: Begin_Bates, End_Bates, Begin_Attach_Bates, End_Attach_Bates, Custodian, All_Custodians, DateTime_Sent, DateTime_Received, Email_From, Email_To, Email_CC, Email_BCC, Email_Subject, Title, Author, DateTime_Created, DateTime_Modified, File_Name, File_Extension, File_Type, File_Size, File_Paths; Page_Count, Message_ID, Conversation, Hash_Value, Time_Zone_Field, Production_Volume, Native_Path_Link, OCRPath, Confidential_Designation, and Has_Redactions.

**8.4** Document families (e.g. a parent email and any attachments) shall be kept together in the production, such that each parent document is produced with and immediately followed in the production by its child attachments. Privileged or non-responsive members of a document family may, however, be replaced in the production with a placeholder image slipsheet stating the reason for its withholding (e.g. "Placeholder: Privileged Document Withheld").

**8.5** All productions shall be globally de-duplicated prior to production in a manner that does not separate document families. ESI duplicate files shall be identified using industry standard MD5 or SHA-1 hash value exact matches only. The unique metadata of any de-duplicated files shall be preserved and produced in the applicable DAT load file fields.

**9.** **Allocation of Costs.** Defendants agree to initially pay the independent expert's fees and costs; however, this agreement is without prejudice to any right of cost

recovery, future cost reallocation, and/or sanctions available to either party under the law. Defendants may seek cost-allocation, recovery of reasonable expenses, and/or issuing appropriate sanctions up to and including default as provided in Federal Rule of Civil Procedure 37 if Plaintiff: unreasonably fails to identify or provides misleading information concerning his Electronic Media and Potentially Relevant ESI; obstructs, attempts to evade, or unduly delays the collection, search, or production efforts as provided herein; deleted or failed to preserve Potentially Relevant ESI while under a duty to preserve it; or engaged in any other discovery misconduct.

**10.  Documentation by Expert.**  The expert shall document the steps he or she took during the Forensic Collection of any of Plaintiff's Electronic Devices, during the search for Potentially Responsive ESI, and during an investigation for or analysis of deleted ESI.  Upon request of the Court, the expert shall provide a signed affidavit that details the steps taken or the results of any search or investigation.

**11.  No Privilege Waiver.**  Nothing in this Order shall require disclosure of information which is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity from discovery.  The disclosure of any privileged or work-product protected documents or ESI, whether inadvertent or otherwise and regardless of care taken to prevent its disclosure, is not a waiver of the privilege or protection from discovery in this case or in any federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), shall supersede the tripartite non-waiver elements of Federal Rule of Evidence 502(b), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738.  In the event of any conflict of law, the law that is most protective of privilege shall apply.

**12.  Privilege Logging.**  To reduce the costs and burdens associated with privilege logging, in lieu of providing a narrative privilege log, the Plaintiff may submit or authorize the expert to submit to Defendants a simple metadata log of ESI redacted or withheld from production.  The metadata log should contain the same DAT metadata fields

described in Section 8.3 of this Order to the extent the metadata is available, plus a field identifying the applicable privilege or work product claim (e.g. "Attorney Client Communication Privilege" or "Attorney Work Product").  Such a metadata log will be deemed sufficient to comply with Fed. R. Civ. P. 26(b)(5)(A); however, if Defendants reasonably request or the Court orders additional detail or clarification about individual entries, such requests shall not be refused by Plaintiff.

      **13.**      **Miscellaneous.**  The parties are mutually committed to meeting the court's discovery cut-off dates and to avoid the necessity of filing any discovery motions including motions to compel.

      **12.1**    It is the intent of the parties that this Order will resolve all pending electronic discovery disputes and to bring discovery under Rule 34 to a close.  Plaintiff stipulates that he has no further unresolved discovery matters under Rule 34.  Defendants stipulate that this Order resolves disputes they have concerning Plaintiff's search for responsive ESI to date; however, this Order does not and shall not be interpreted to resolve any disputes pertaining to: discovery *other than* the search for responsive ESI in Plaintiff's possession (i.e. this stipulation does not address documents that exist in hardcopy or paper form, nor does it address documents and ESI possessed by third-parties); Plaintiff's withholding of his tax returns, documents he exchanged with the SEC or any other regulator, self-regulator, or government entity, or other documents requested by Defendants that do not require any electronic search to recover and produce; or Plaintiff's failure to preserve Potentially Relevant ESI on Electronic Media before the Electronic Media is Forensically Collected by the expert.

      **12.2**    Nothing in this Order shall prevent Defendants from filing, or the Court from granting, any motion to compel, for costs, or for sanctions (including under Federal Rule of Civil Procedure 37) if such motion either (A) raises issues not expressly resolved by this Second Addendum; (B) is supported by evidence newly uncovered following the entry of this Order, or (C) shows consistent with Federal Rule of Civil Procedure 37(e) that Plaintiff deleted, lost, or failed to take reasonable steps to preserve

Potentially Relevant ESI with the intent to deprive Defendants of its use in the litigation, and such Potentially Relevant ESI cannot be restored or replaced through additional discovery. The time for Defendants to file any such motion shall be extended until after the forensic examination and deposition of Plaintiff have been completed.

**12.3** The parties have extensively conferred regarding the contents of this order, the underlying discovery disputes and how The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production (October 2017) should be applied in this case.

**12.4** Except to the extent necessarily modified or otherwise inconsistent with the agreements above, the parties agree that the Sedona Principles should govern any disputes or subsequent actions or motions regarding electronic discovery in this case.

**12.5** Plaintiff agrees to submit to an additional deposition within or without the discovery cut-off date, to allow Defendants to inquire about matters presented by the results of the forensic examination and search and any other documents and information that was not produced sufficiently in advance of Plaintiff's initial March 12, 2020 deposition such that Defendants had a reasonable time to review the materials prior to that deposition.

**12.6** Either parties' experts may supplement their reports with information uncovered during the forensic examination of Plaintiff's Electronic Media and/or the additional deposition of Plaintiff.

**12.7** Nothing in this Order shall serve to waive any party's rights to object to the admissibility of any evidence at a hearing or trial in this matter.

**12.8** The parties agree to cooperate in this matter to its conclusion to promote the just, speedy, and inexpensive determination of this action per Federal Rule of Civil Procedure 1.

Dated this 29th day of October, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge