**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny E Burris, | No. CV-18-03012-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase & Company, et al., | |
| Defendants. | |

On May 19, 2022, the Court issued an order granting Defendants' motion for attorneys' fees. (Doc. 141.) Plaintiff was "ordered to pay $296,490.50 to Defendants, due within 30 days of the issuance of this order." (*Id.* at 18.) Afterward, Plaintiff filed a notice of appeal with respect to the fee award (Doc. 143) and a motion to stay enforcement of the fee award pending appeal (Doc. 145). The stay request is now fully briefed. (Docs. 146, 151.)[1] For the following reasons, it is denied.

**DISCUSSION**

I.  The Parties' Arguments

Plaintiff seeks "an order staying enforcement of the Order on attorneys' fees and costs . . . pursuant to Federal Rule[] of Civil Procedure 62 [and] Federal Rule of Appellate Procedure 8." (Doc. 145-1 at 1.) Plaintiff contends that, under these authorities, the applicable standard is the same as the standard for whether to grant a preliminary injunction—that is, the Court must consider the likelihood of success on the merits,

---

[1] Plaintiff's request for oral argument is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f).

irreparable injury, and the balance of hardships. (*Id.* at 3-4.) Applying these factors, Plaintiff contends he is entitled to a stay because (1) the decision to award any attorneys' fees was incorrect, as the Court itself seemed to recognize in the order soliciting supplemental briefing (*id.* at 4-9); (2) he has submitted a declaration establishing that he has "limited financial resources" and that payment of the award would render him "insolvent" (*id.* at 9-10); and (3) "Defendant is a large publically traded company that will not be harmed if it has to wait to receive payment should the appellate court affirm the fees and costs," whereas Plaintiff "is a sole proprietor and does not have the resources or income to pay the award" (*id.* at 10).

Defendants oppose Plaintiff's request. (Doc. 146.) As an initial matter, Defendants contend that "Plaintiff incorrectly relies on legal standards applicable to stays of an injunction (addressed separately by Rule 62(c)), which are completely inapplicable to his request to stay a monetary judgment (addressed by Rule 62(b))." (*Id.* at 6.) Defendants argue that a stay of enforcement with respect to a money judgment should only be imposed under Rule 62(b) in "exceptional" cases, such as when there is no question the judgment-debtor will eventually be able to satisfy the judgment, and that Plaintiff's arguments regarding his inability to pay therefore "conced[e] the very circumstances that necessitate a bond." (*Id.* at 5-6.) Alternatively, Defendants argue that even if the Court were to evaluate Plaintiff's stay request under the standards applicable to injunctions, his request fails because (1) he has not shown a likelihood of success on the merits (*id.* at 7-8); (2) he has not shown a likelihood of irreparable harm, as his declaration concerning his professed inability to pay is "unsubstantiated, self-serving, and wholly conclusory," fails to address various considerations, and is "belied by the record" (*id.* at 8, 10-15); and (3) he has not shown that the equities favor him, as he "placed himself in this situation and was *his* choice to reject a settlement that would have allowed him to walk away without having to reimburse Defendants the fees and costs caused by his bad-faith" (*id.* at 8). Finally, Defendants contend these considerations also undermine any request for a stay of enforcement under the *Dillon* factors, which are the traditional Rule 62(b) standards. (*Id.*

at 9-11.)

In reply, Plaintiff argues that his motion correctly identified the applicable standard for seeking a stay of enforcement of a money judgment (Doc. 151 at 2-3); that Local Rule 65.1 requires the Court to apply Arizona state law when evaluating the size of any bond and Arizona law authorizes a zero-dollar bond in this circumstance in light of his financial condition (*id.* at 3-5); that he has shown a likelihood of success under the first relevant stay factor (*id.* at 5-6); that he has shown a likelihood of irreparable harm under the second relevant stay factor, as Defendants' arguments regarding his purported trust assets are based on various mistaken assumptions and false predicates (*id.* at 6-10); and that, under Arizona law, the Court must hold a hearing before setting a bond amount (*id.* at 10-11).

II. <u>Discussion</u>

The general rule, as established by Rule 62(a) of the Federal Rules of Civil Procedure, is that a party may seek to enforce a monetary judgment 30 days after it has been entered. However, under Rule 62(b), "a party may obtain a stay by providing a bond or other security." The purpose of such a bond is to "protect[] the prevailing plaintiff from the risk of a later uncollectible judgment and compensate[] him for delay" that may result from the stay. *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). *See also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.").

Although posting a bond is one way to obtain a stay of enforcement under Rule 62(b), it is not the only way. This is because "[r]eading Rule 62[(b)] to make filing a supersedeas bond an indispensable prerequisite to a stay on appeal creates a potential conflict with the language of [Federal Rules of Appellate Procedure] 8(b), which implicitly recognizes the discretion of the appellate courts to issue stays not conditioned on bond. It would make little sense to require an appellant who could qualify for an unsecured stay from the appellate court to apply for it first in the district court, as Rule 8(a) requires, if Rule 62[(b)] made such an application an exercise in futility in every case by denying the

district court the power to approve such a stay. That is, if the appellate court has power to issue an unsecured stay, as Rule 8(b) clearly implies, then the district court must have that power also, if Rule 8(a) is to make sense." *Federal Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). Thus, a district court has "discretionary power to grant a stay on whatever terms it deems appropriate, including a partial bond or even no bond." S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 62, at 299-300 (2022). *See also Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) ("Under [Rule 62(b)], an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court. Since no bond was posted, the grant or denial of the stays was a matter strictly within the judge's discretion.").

Here, the parties' dispute largely turns on which standard the Court should apply when deciding whether to exercise its discretionary power to order a stay without a bond under Rule 62(b). Plaintiff argues the standard is essentially the same as the standard for granting a preliminary injunction while Defendants argue the standard is entirely different.

Defendants have the better of this argument. In *Oskowis v. Sedona Oak-Creek Unified School District*, 2019 WL 6250762 (D. Ariz. 2019), the Court confronted a similar situation. There, as here, an unsuccessful plaintiff who had been ordered to pay the prevailing defendant's attorneys' fees sought a stay of enforcement pending appeal. He argued, as Plaintiff does here, "that 'the standards applicable for entry in injunctive relief' support[ed] his request." *Id.* at *1. Although the Court did not directly reach the issue, it suggested that the plaintiff's approach was misplaced because "courts have recognized that the four-factor test applicable in [the preliminary injunction] context does not apply to a request for a stay of a money judgment because it does not take into account the Rule 62 requirement of a supersedeas bond." *Id.* at *1 n.1 (cleaned up). The Court further explained that, "to the extent the Court's discretion to issue a stay under Rule 62(b) is not governed by the same principles as a request for relief under Rule 65, courts have emphasized that unsecured stays under Rule 62(b) should be reserved for 'exceptional'

- 4 -

cases. Thus, courts have typically authorized unsecured stays under Rule 62(b) only 'in two sorts of case[s]: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and . . . where the requirement would put the defendant's other creditors in undue jeopardy." *Id.* at *2 (citations omitted). The Court acknowledged that "some courts have suggested a judgment debtor may seek relief under Rule 62(b) by demonstrating that, due to a lack of financial resources, obtaining a full supersedeas bond would pose an undue financial burden" but noted that "those courts have insisted that the party seeking the stay identify some other mechanism, apart from a full bond, to ensure the judgment creditor's rights would be protected." *Id.* (citations omitted). Because the plaintiff had not made the required showings under any of these standards, the Court denied his stay request. *Id.* at *2-3.

Although it was unnecessary to reach the issue in *Oskowis*, the Court now directly reaches the conclusion it only hinted at there—when a judgment-debtor requests a stay of enforcement of a money judgment under Rule 62(b) without a bond, the request is not evaluated under the traditional four-factor test for evaluating a request for a preliminary injunction but under an entirely different standard with different considerations. *See also FINOVA Capital Corp. v. Richard A. Arledge, Inc.*, 2008 WL 828504, *5 (D. Ariz. 2008) ("[Defendants] are seeking to stay a monetary judgment as Rule 62[(b)] allows. Thus, the court declines to apply a preliminary injunction standard, as FINOVA urges. Instead, the court will rely upon Rule 62[(b)] and the case law construing that Rule."); *Bolt v. Merrimack Pharmaceuticals, Inc.*, 2005 WL 2298423, *2 (E.D. Cal. 2005) ("The Federal Rules of Civil Procedure impose distinct standards for stays of judgments involving injunctions and stays of other judgments. Given these distinctions, it should come as no surprise that courts evaluate unsecured stays of these categories of judgments under different tests. Although the court could not find a single case straightforwardly acknowledging the existence of two separate tests, an examination of the case law clearly reveals a different method of analysis applicable to motions for unsecured stays when Rule 62[(b)], rather than Rule 62(c), applies.") (citations omitted). And as discussed in *Oskowis*,

an unsecured stay is generally appropriate under Rule 62(b) only when (1) the judgment-debtor's ability to pay is so plain that the cost of the bond would be a waste of money[2] or (2) the bonding requirement would put the judgment-debtor's other creditors in undue jeopardy. *See also Kranson v. Fed. Express Corp.*, 2013 WL 6872495, *1 (N.D. Cal. 2013) (noting that "[c]ourts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement" and summarizing the *Dillon* factors, which identify ability to pay and prejudice to other creditors as two of the circumstances in which the bond requirement may be waived). Neither circumstance is present here—indeed, much of Plaintiff's presentation is predicted on his professed *in*ability to pay the existing award, and he does not contend that any other creditors would suffer harm in the absence of a stay. This undermines, rather than supports, his stay request. *Cf. IA Labs CA v. Nintendo Co., Ltd.*, 946 F. Supp. 2d 429, 431 (D. Md. 2013) ("IA Labs points to no Fourth Circuit case authorizing a district court to stay a judgment in lieu of posting supersedeas bond on the ground of 'undue financial burden.' Indeed, a review of the relevant case law suggests that in the more than 30 years since the Fifth Circuit's decision [identifying this as a potential ground for relief], the Fourth Circuit has never adopted [that] reasoning . . . . This Court is not prepared to chart a new course in this circuit, especially given the Fourth Circuit's longstanding silence on this issue."). *See also Kranson*, 2013 WL 6872495 at *1 (summarizing the five *Dillon* factors, none of which is a bare inability to pay).

Alternatively, and as further discussed in *Oskowis*, although some courts have concluded that a judgment-debtor's inability to pay is a factor that can support (rather than undermine) a request for an unsecured stay under Rule 62(b), those courts have still required the party seeking relief to identify some mechanism apart from a full bond to

---

[2] *See, e.g., Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) ("At the hearing on West's motion for stay without bond . . . counsel for West stated that 'the revenues of the group of which West is a part is approximately 2.5 billion.' The Seventh Circuit has noted that 'an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.' In light of the vast disparity between the amount of the judgment in this case and the annual revenue of the group of which West is a part, the district court's decision to grant a stay without a bond was not an abuse of discretion.").

protect the judgment-creditor's rights. *IA Labs*, 946 F. Supp. 2d at 432 ("Appropriate examples of alternative security may be a letter of credit, some combination of securities and cash in an interest-bearing account, or even a smaller sum of money . . . .") (citations omitted). Plaintiff makes no effort to identify any such alternative mechanism here—he simply requests a waiver of the bond requirement because he cannot satisfy it. This, again, undermines his position. *Cf. S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn. 1995) (explaining that "when granting a stay without a supersedeas bond courts generally require the appellant to post partial bond or alternative security" and refusing to grant a stay because "the Defendant, asserting indigency, proposes no supersedeas bond or alternative security").

Given these conclusions, it is unnecessary to wade into the details of the parties' dispute over whether Plaintiff has, in fact, established an inability to pay. Even assuming his submissions were sufficient to establish that point, he would not be entitled to an unsecured stay under Rule 62(b) for the reasons stated above. Finally, the Court also rejects Plaintiff's contention, raised for the first time in his reply (and therefore forfeited),[3] that the Court's discretionary analysis of whether and to what extent to relax the bond requirement is somehow governed by Arizona state law. "The standards for setting a bond under Rule 62(b) are federal law standards, which trump any existing state law standards that might be either more or less demanding." 2 Gensler, *supra*, Rule 62, at 300. *See also Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 913-14 (9th Cir. 2007).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for stay of execution (Doc. 145) is **denied**.

Dated this 11th day of August, 2022.

Dominic W. Lanza
United States District Judge

---

[3] *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").